UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case Number: 21-14172-CIV-MARTINEZ

BRYAN G. WOOD and
KAYLEE M. WOOD,

    Plaintiffs,

v.

PROGRESSIVE SELECT
INSURANCE COMPANY,

    Defendant.
_____/

## OMNIBUS ORDER

**THIS CAUSE** came before this Court on Non-party Sheri Hopkins's Motion to Quash Subpoena for Trial and Motion for Protective Order ("Ms. Hopkins's Motion"), (ECF No. 83), and Non-party Vivian Knapp's Motion to Quash Subpoena for Trial and Motion for Protective Order ("Ms. Knapp's Motion"), (ECF No. 84) (collectively, the "Motions to Quash"). This Court has carefully reviewed the Motions to Quash, pertinent portions of the record, and applicable law and is otherwise fully advised of the premises. Accordingly, Ms. Hopkins's Motion and Ms. Knapp's Motion are **GRANTED IN PART** and **DENIED IN PART** for the reasons set forth herein.

Pursuant to Federal Rule of Civil Procedure 45, a court shall quash a subpoena if it "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). As the moving parties, Ms. Hopkins and Ms. Knapp bear the burden of establishing that the subpoenas in question must be quashed pursuant to Rule 45(d)(3)(A). *See, e.g.*, *In re Subpoena*

*Dated June 18, 2020*, No. 20-MC-82327, 2021 WL 7540812, at *3 (S.D. Fla. Apr. 14, 2021); *Belcher v. A & M Bus. Props., Inc.*, No. 10-CV-02898, 2015 WL 4527575, at *2 (M.D. Fla. July 25, 2015). Both Ms. Hopkins and Ms. Knapp raise the same arguments in the Motions to Quash, so this Court addresses each in turn.

First, they argue that service of the subpoenas was deficient because the pertinent subpoenas were "not delivered to [them] personally, nor to any person authorized to accept service on [their] behalf." (*See* ECF No. 83 at 1; ECF No. 84 at 1.) Federal Rule of Civil Procedure 45 states, in pertinent part, that "[s]erving a subpoena requires delivering a copy to the named person . . . ." Fed. R. Civ. P. 45(b)(1). This Court finds Ms. Hopkins and Ms. Knapp's argument, that Rule 45 requires personal service, unpersuasive. Upon its reading of Rule 45, this Court finds that service of a trial subpoena does not require that service be perfected via personal service to the person being subpoenaed; rather, Rule 45 merely requires "deliver[y]" of the subpoena that is reasonably calculated to ensure that the person being subpoenaed received the subpoena. *See, e.g.*, *Rainey v. Taylor*, No. 18-24802, 2019 WL 1922000, at *1 (S.D. Fla. Apr. 30, 2019) (finding that subpoena was properly served via email because "method of service employed by [the p]laintiff was reasonably calculated to ensure actual receipt of the subpoena."). Accordingly, absent Eleventh Circuit authority to the contrary, this Court agrees with the orders in this District that find that Rule 45 does not require formal service of process. *E.g.*, *State Farm Auto. Ins. v. Maistrenko*, No. 19-20850-MC-SCOLA, 2020 WL 486271, at *2 (S.D. Fla. Jan 30, 2020) ("[T]his Court adopts the 'better-reasoned, modern, emerging minority position,' which holds that Rule 45 requires service in a manner that reasonably insures actual receipt of the subpoena by the witness."); *In re Falcon Air. Exp., Inc.*, No. 06-11877, 2008 WL 2038799, at *1 (Bankr. S.D. Fla. May 8, 2008) (collecting cases). Being that Ms. Hopkins and Ms. Knapp were both "delivered" copies of their

respective subpoenas on the date Plaintiffs served a clerk in their law firm's mailroom, delivery of the subpoena under Rule 45 was sufficient. Accordingly, Ms. Hopkins and Ms. Knapp's first argument fails.

With respect to deficiency of service, however, Ms. Hopkins and Ms. Knapp also argue that the subpoenas are deficient because they failed to provide them their "fees for 1 day's attendance and mileage allowed by law." (ECF No. 83 at 1; ECF No. 84 at 1.) The pertinent portion of Rule 45 states that, "if the subpoena requires that person's attendance," which the subpoenas at issue do, the party serving the subpoena must tender "the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). Plaintiffs' failure to tender fees for 1 day's attendance and the mileage allowed by law with respect to both Ms. Hopkins and Ms. Knapp's attendance at trial is fatal to the subpoenas at issue. *See Alan v. Tyz*, No. 08-80935, 2009 WL 10701024, at *6 (S.D. Fla. Apr. 23, 2009) (granting motion to quash subpoena where, *inter alia*, plaintiff failed to tender a daily witness fee at time of subpoena delivery). Accordingly, to the extent that Plaintiffs failed to tender daily witness fees and mileage in the amount required by law simultaneously with delivery of the subpoena, the Motions to Quash are due to be granted.

Next, Ms. Hopkins and Ms. Knapp argue that the subpoenas should be quashed because their "place of business is 134.8 miles *roundtrip* [sic] from the location of the trial." (ECF No. 83 at 2 (emphasis added); ECF No. 84 at 3 (emphasis added).) This Court disagrees. Of course, Rule 45 provides that "[a] subpoena may command a person to attend a trial, hearing, or deposition only . . . *within* 100 miles of where the person resides, is employed, or regularly transacts business in person . . . ." Fed. R. Civ. P. 45(c)(1) (emphasis added). But a 134.8-mile round trip does not place Ms. Hopkins and Ms. Knapp outside of Rule 45's geographical limit. To wit, a 134.8-mile round trip is comprised of two 67.4-mile trips; therefore, Ms. Hopkins and Ms. Knapp are *within*

3

100 miles of the Alto Lee Adams Sr. United States Courthouse from their place of business. (*See* ECF No. 83 at 1–2; ECF No. 84 at 1–2.) Accordingly, Ms. Hopkins and Ms. Knapp's second argument is also without merit.

While both Ms. Hopkins and Ms. Knapp state that Rule 45 permits a court to quash subpoenas for subjecting a person to undue burdens, neither Ms. Hopkins nor Ms. Knapp expressly argue that the subpoenas at issue here are unduly burdensome. Rather, Ms. Hopkins and Ms. Knapp merely state that they are "very busy attorney[s who] cannot afford to miss an entire week of work due to attending trial as a non-party witness." (ECF No. 83 at 2; ECF No. 84 at 2.) While this Court appreciates the potential burden testifying at trial would pose on "very busy" attorneys, that burden is not so great—and not so unduly burdensome—so as to warrant quashing the subpoena on that ground. This is especially true when considering that the subpoena requires Ms. Hopkins and Ms. Knapp's attendance at trial for *one* day (specifically, November 7, 2022, (ECF No. 83-1 at 1; ECF No. 84-1 at 1)), not "an entire week" as set forth in the Motions to Quash, (ECF No. 83 at 2; ECF No. 84 at 2). Therefore, even were Ms. Hopkins and Ms. Knapp to have expressly argued that complying with the subpoenas is unduly burdensome, this argument fails.

Last, neither Ms. Hopkins nor Ms. Knapp provide any argument or citations to legal authority regarding their request for a protective order excusing their appearance at trial. After careful consideration, this Court finds no good cause warranting the issuance of a protective order with respect to Ms. Hopkins and Ms. Knapp's attendance at trial. Therefore, the Motions to Quash are denied in that respect. Accordingly, it is

**ORDERED AND ADJUDGED** that:

1. Ms. Hopkins's Motion, (ECF No. 83), and Ms. Knapp's Motion, (ECF No. 84), are **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

2. The non-party subpoenas identified in the Motions to Quash, (ECF No. 83-1; ECF No. 84-1), are **QUASHED** without prejudice to Plaintiffs' ability to issue proper subpoenas to Non-parties Sheri Hopkins and Vivian Knapp that comply with Rule 45.

**DONE AND ORDERED** in Chambers at Miami, Florida this 4th day of November, 2022.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All counsel of record