UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:21-CV-14172-MARTINEZ/MAYNARD

BRYAN G. WOOD and
KAYLEE M. WOOD,

 Plaintiffs

vs.

PROGRESSIVE SELECT INS. CO.,

 Defendant.
_____/

**PLAINTIFFS' MOTION TO COMPEL RESPONSES TO
ATTORNEYS' FEE REQUEST FOR PRODUCTION**

  Plaintiffs, Bryan G. Wood and Kaylee M. Wood, through undersigned counsel and under Rules 26, 34, and 37, Federal Rules of Civil Procedure and Local Rule 26.1, hereby move this Court to enter an order compelling Progressive to provide responses to Plaintiffs' request for production of records related to attorney's fees, and in support state:

  Plaintiffs move to compel attorneys' fee discovery needed to rebut Progressive's claim that Plaintiffs are not entitled to the full lodestar or multiplier that they have sought in their motion for attorneys' fees. Progressive objects that Plaintiffs' motion was filed prematurely, and refuses to respond to Plaintiffs' request for production until the Court rules on its pending posttrial motions. Local Rule 7.3, however, did not allow Plaintiffs to postpone their motion for attorneys' fees, nor does it permit Progressive to withhold discovery relevant to its objections to the fees sought by Plaintiffs.

**BACKGROUND**

1. On January 3, 2024, this Court entered a final judgment for Plaintiffs, [D.E. 213], consistent with the verdict rendered by a jury on November 16, 2023. [D.E. 206].

2. On December 20, 2023, and January 16, 2024, the Parties met and conferred about the entitlement of Plaintiffs, as prevailing party, to attorneys' fees. Defendant's counsel agreed that Plaintiffs are entitled to fees. No agreement was reached about the amount of fees to which Plaintiffs are entitled.

3. On February 2, 2024, Plaintiffs served on Defendant a draft motion for attorneys' fees and additional costs seeking a contingency fee multiplier of 2.0.

4. On February 7, 2024, Plaintiffs served on Defendant an amended draft motion for attorneys' fees and additional costs with supporting documentation.

5. On February 7, 2024, Plaintiffs served on Defendant's counsel a request for production of timekeeping records of the firm's efforts representing Progressive in this matter, invoices submitted for those services, and retainer agreements. Defendant's response was due March 8. A true and correct copy of Plaintiffs' Attorneys' Fee Request for Production is attached as **Exhibit A**.

6. On February 29, 2024, the Parties met and conferred on Plaintiffs' draft motion for attorneys' fees and additional costs, but were unable to reach any agreement. Defendant had not served on Plaintiffs' counsel any written objections to the attorneys' fees or costs sought. Defendant stated that it intended to object to the hourly rates sought by Plaintiffs' attorneys and to a contingency fee multiplier, but

was unable to convey its position about whether it would object to any particular billing entry or cost.

7. On March 1, 2024, Plaintiffs filed a verified motion for attorneys' fees and additional costs with contemporaneous billing records for each timekeeper and invoices for litigation expenses. [D.E. 220].

8. On March 7, 2024, Defendant served on Plaintiffs' counsel a response to Plaintiffs' request for production. Progressive objected to each request on the grounds that Plaintiffs' fee motion was premature due to Defendant's pending motion for a judgment as a matter of law. Defendant also objected to one of the requests on the grounds that it seeks "confidential and proprietary business information" and materials "protected by attorney-client privilege." Progressive provided no responsive records. A true and correct copy of Defendant's response is attached as **Exhibit B**.

9. On March 14, 2024, Defendant responded to Plaintiffs' motion for attorneys' fees and additional costs. [D.E. 221]. Defendant objected to the hourly rates sought by Plaintiffs' attorneys and paralegal, and to the application of a fee multiplier. Defendant did not attach an affidavit giving its firm's hourly rates.

10. On March 21, 2024, Plaintiffs replied in support of their for attorneys' fees and additional costs. [D.E. 222]. The reply addressed Defendant's reliance on outdated case law for its argument that Plaintiffs' motion was premature. Plaintiffs informed the Court that they intend to amend their motion to reflect additional hours expended litigating Defendant's posttrial motions.

3

11. On March 28, 2024, Plaintiffs emailed Defendant's counsel to ask whether, in light of the discussion in Plaintiffs' reply in support of the fee motion, Defendant still maintained its objection to discovery on the grounds that the fee motion was premature.

12. On April 1, 2024, the Parties conferred by telephone about Defendant's objections to Plaintiffs' attorneys' fee requests to produce. Defendant's counsel expressed concern that billing records would provide Plaintiffs a "roadmap" to their trial preparation that would prejudice them if the Court were to grant Progressive's motion for new trial.

13. On April 3, Defendant's counsel emailed Plaintiffs to inform them that Defendant maintains its objections to Plaintiffs' requests for production for now, but will revisit the issue once the Court rules on its posttrial motions.

THE WOODS' REQUESTS FOR PRODUCTION

Plaintiffs served three requests for production (RFPs) on February 7, 2024:

**RFP No. 1**  Any and all time-keeping records by whatever name, in whatever form kept, recording and memorializing efforts and time spent by Young, Bill, Boles, Palmer, Duke & Thompson, P.A., as well as any other legal professionals, including attorneys and paralegals, for representing PROGRESSIVE SELECT INS. CO., in the instant lawsuit.

**RFP No. 2**  Any and all bills, invoices, and/or other correspondence, by whatever name, in whatever form kept, submitted by Young, Bill, Boles, Palmer, Duke & Thompson, P.A., for payment of services performed by its legal professionals, including attorneys and paralegals, for representing PROGRESSIVE SELECT INS. CO., in the instant lawsuit.

**RFP No. 3**  Any and all retainer agreements between PROGRESSIVE SELECT INS. CO. and Young, Bill, Boles, Palmer, Duke & Thompson, P.A. in the instant lawsuit.

PROGRESSIVE'S RESPONSE AND OBJECTIONS

Progressive provided no records in response the Woods' request for production or privilege log. To each of the three RFPs, Progressive objected that the request was premature:

> **RESPONSE:  Progressive objects to this request as premature as there are still post-trial motions pending before the Court.  Progressive has filed its Motion for Judgment Notwithstanding the Verdict and Alternative Motion for New Trial pursuant to Federal Rules of Civil Procedure 50(b) and 59, [ECF No. 216], which is currently pending before the Court.  Certain post-trial motions, such as a Rule 59 motion, "suspend the finality of the district court's judgment pending the court's further determination whether the judgment should be modified as to alter its adjudication of the rights of the parties." *Disa v. Ashley Furniture Indus., Inc.*, 8:14-CV-1915-T-JSS, 2016 WL 3021867, at \*2 (M.D. Fla. May 26, 2016) (internal quotations omitted); citing *Galdames v. N & D Inv. Corp.*, 432 Fed. Appx. 801, 805 (11th Cir. 2011); *Members First Fed. Credit Union v. Members First Credit Union of Florida*, 244 F.3d 806, 807 (11th Cir. 2001).  As such, judgments do not become "final" for purposes of a motion for attorney's fees and costs until certain post-trial motions are adjudicated. *Galdames v. N & D Inv. Corp.*, 432 Fed. Appx. 801, 805 (11th Cir. 2011); see *Members First Fed. Credit Union v. Members First Credit Union of Florida*, 244 F.3d 806, 807 (11th Cir. 2001) ("[T]he finality of a judgment is effectively postponed by the timely filing of a motion under Rule 59. . ."); see also *Pate v. Seaboard R.R., Inc.*, 819 F.2d 1074, 1085 (11th Cir. 1987) (providing that the finality of judgment is suspended by the filing of a timely motion for new trial).  Therefore, Plaintiffs' request is premature until which time Progressive's Motion is resolved.**

To the third request, Progressive objected on additional grounds:

> **Additionally, Progressive objects to this request as it seeks confidential and proprietary business information which is protected from discovery.  Moreover, this requests seeks materials that are protected by attorney-client privilege, as it seeks communications between Progressive and its attorneys regarding its attorney's retention and rendition of legal services.**

MEMORANDUM

I.  **Opposing counsel's billing records may shed light on Plaintiffs' entitlement to its full lodestar, including a multiplier.**

The records sought by Plaintiffs are discoverable because they are relevant to Plaintiffs' claim for attorneys' fees and material to the reasonableness of the hourly rates and multiplier to which Defendant has objected.

The Florida Supreme Court, in *Paton v. GEICO Gen. Ins.,* 190 So. 3d 1047 (Fla. 2016), held that an opposing counsel's billing records were relevant to a motion for fees under sections 624.155 and 627.428, Florida Statutes, and discoverable:

> When a party files for attorney's fees against an insurance company pursuant to sections 624.155 and 627.428, Florida Statutes, as occurred here, the billing records of the defendant insurance company are relevant. The hours expended by the attorneys for the insurance company will demonstrate the complexity of the case along with the time expended, and may belie a claim that the number of hours spent by the plaintiff was unreasonable, **or that the plaintiff is not entitled to a full lodestar computation, including a multiplying factor**. . .

*Paton v. GEICO Gen. Ins.,* 190 So. 3d 1047, 1052 (Fla. 2016) (emphasis added).

In this jurisdiction, Local Rule 7.3(a) resolves any dispute over whether an opposing counsel's attorney's fees are relevant to a fee motion. "If a party objects to an hourly rate, its counsel must submit an affidavit giving its firm's hourly rates for the matter and include any contingency, partial contingency, or other arrangements that could change the effective hourly rate." S.D. Fla. L.R. 7.3(a).

Defendant's concession that the hours expended by Plaintiffs' counsel were reasonable does not render its billing irrelevant. The Honorable Shaniek Maynard addressed a similar argument in *Atlantic Healthcare, LLC v. Argonaut Ins. Co.*, No. 19-14420-CV, 2021 WL 2333112 (S.D. Fla. June 7, 2021). After the court entered a final judgment for plaintiffs in a declaratory action, plaintiffs served requests for production on the defendant insurer. *Id*. at *1. The defendant objected that its counsel's fees

6

were irrelevant because it was not challenging the reasonableness of the time by expended by plaintiffs' counsel, but only "the hourly rate and multiplier." *Id*. at *2. The court noted that the defense counsel's fees were still relevant, citing *Paton* and Local Rule 7.3(a). *Id*; *see also Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2017 WL 3536917, at *31 (S.D. Fla. Aug. 17, 2017) ("[T]he method the Court often uses to assess whether a case was overstaffed—comparing the billing records of the law firm representing the party seeking fees with the billing records of opposing counsel—is unavailable here because Procaps failed to submit its counsel's billing records."). The relevance of the *Rowe* factors also informed the court's decision to overrule the defendant's objection to the request for production:

> Here, Plaintiffs are seeking a multiplier so the complexity of the case, including the novelty or difficulty of the issues presented, is a factor to be considered. *See, e.g.*, *Fla. Patient's Compensation Fund v. Rowe*, 472 So.2d 1145 (Fla. 1985). Thus, Defendant's time sheets, billing records, and their fee agreements are relevant and must be disclosed.

*Id*.; *see also Sos v. State Farm Mut. Auto. Ins.,* No. 21-11769, 2023 WL 5608014, at *21-22 (11th Cir. Aug. 30, 2023) (discussing the application of the *Rowe* factors determining the reasonability of hourly rates and in deciding whether to apply a contingency fee multiplier); *Houston Specialty Ins. Co. v. Vaughn*, No. 8:14-CV-1187-T-17JSS, 2019 WL 4395287, at *4 (M.D. Fla. July 9, 2019) (noting similarity between *Rowe* factors and factors set forth in *Johnson v. Georgia Hwy. Express Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)), *report and recommendation adopted*, No. 8:14-CV-1187-EAK-JSS, 2019 WL 3451583 (M.D. Fla. July 31, 2019).

Here, Plaintiffs have moved, as the prevailing party, for attorneys' fees under sections 624.155 and 627.428, just as the plaintiff did in *Paton*. Defendant objects to Plaintiffs' lodestar computation because the hourly rates sought are unreasonable and excessive and objects to a contingency fee multiplier. Defendants, by putting the reasonableness of the fees sought by Plaintiffs at issue, have reinforced Plaintiffs' need to obtain the records sought in the Attorney's Fee Request for Production. *See Paton*, 190 So. 3d at 1052. Since the records sought by Plaintiffs' in their attorneys' fee RFPs are relevant to the issue of the reasonableness of Plaintiffs' lodestar and the applicability of a contingency fee multiplier, Plaintiffs are entitled to this discovery.

## II. Defendant's objection to discovery on the grounds that a motion for attorneys' fees is premature lacks merit.

Progressive relies on inapposite authority to argue that the Woods' motion for attorneys' fees was premature, and offers no authority suggesting that attorney's fee discovery is unavailable until a motion for fees is ripe.

Rule 7.3 required Plaintiffs to move for attorneys' fees "within sixty (60) days of the entry of the final judgment or order giving rise to the claim, **regardless of the prospect or pendency of supplemental review or appellate proceedings**." *See* S.D. Fla. L.R. 7.3(A)(1)(emphasis added). Progressive's pending Motion for Judgment Notwithstanding the Verdict and Alternative Motion for New Trial did not toll the time for filing a motion for attorneys' fees. *See Marquez v. Nat'l Fire & Marine Ins.*, 1:20-CV-22791, 2023 WL 6395384, at *4-5 (S.D. Fla. Oct. 2, 2023)(finding that motion for attorney's fees was untimely when filed more than 60 days after entry of final judgment but before resolution of motion seeking renewed judgment as a matter of

law and new trial), *report and recommendation adopted*, 20-CV-22791, 2023 WL 8614188 (S.D. Fla. Dec. 13, 2023).

The local rules at issue in the decisions cited by Progressive lacked the "regardless of the prospect or pendency of supplemental review or appellate proceedings" language. In *Galdames v. N & D Inv. Corp.*, 432 Fed. Appx. 801 (11th Cir. 2011) (per curiam), the Eleventh Circuit applied a prior version of Southern District of Florida Local Rule 7.3 that lacked the "regardless of the prospect or pendency of supplemental review or appellate proceedings" clause. *See Galdames*, 432 F. App'x at 805 ("At the relevant time, the local rules of the Southern District of Florida required that an attorneys' fees motion 'be filed and served within thirty days of entry of a Final Judgment or other appealable order that gives rise to attorney's fees.'"); *see Marquez*, 2023 WL 6395384, at *3 (noting that *Galdames* court applied prior version of Local Rule 7.3). The version of Local Rule 7.3 applied by *Members First Fed. Credit Union v. Members First Credit Union of Florida*, 244 F.3d 806 (11th Cir. 2001) (per curiam), also lacked the "regardless of the prospect or pendency of supplemental review or appellate proceedings:"

> The local rule at issue in [*Members First*] was silent as to whether supplemental review tolled the deadline. Contrarily, the local rule at issue in this case is clear that the deadline is 60 days "regardless of the prospect or pendency of supplemental review or appellate proceedings." S.D. Fla. L.R. 7.3(a)(1). As the local rule in this case specifies that supplemental review does not affect the deadline, *Members First* is distinguishable.

*Cobra Int'l, Inc. v. BCNY Int'l, Inc.*, No. 05-CV-61225-KAM, 2016 WL 7486721, at *1 (S.D. Fla. June 23, 2016), *aff'd sub nom. Cobra Int'l, Inc. v. BCNY Int'l, Inc*, 702 F. App'x 994 (Fed. Cir. 2017). The rule applied in *Disa v. Ashley Furniture Indus., Inc.*, Middle District of Florida Local Rule 4.18, provided that "all claims for costs or attorney's fees preserved by appropriate pleading or pretrial stipulation shall be asserted by separate motion or petition filed not later than fourteen (14) days following the entry of judgment." *Disa v. Ashley Furniture Indus., Inc.*, No. 8:14-CV-1915-T-JSS, 2016 WL 3021867, at *2 (M.D. Fla. May 26, 2016) (quoting M.D. Fla. Local R. 4.18(a)). The final opinion cited by Progressive, *Pate v. Seaboard R.R., Inc.*, 819 F.2d 1074 (11th Cir. 1987), does not discuss a motion for attorney's fees at all. Since *Galdames*, *Members First*, and *Disa* did not apply the current version of Local Rule 7.3(a)(1), which expressly addresses the effect of posttrial motions on the time for filing a fee motion, any reliance on those decisions would be misplaced.

In short, none of the decisions cited by Progressive support its position that a pending Rule 50 or Rule 59 motion tolls the time for filing a motion for attorney's fees in this jurisdiction. Even if the cases cited by Progressive were not distinguishable, none of the cases address or even suggest that tolling the time for filing a fee motion would impact the discoverability of an opposing counsel's billings records.

### III. Progressive improperly asserted a blanket privilege to RFP and failed to provide a privilege log.

Progressive's blanket claim of privilege over the records sought by Plaintiffs' third RFP is improper because it withheld all documents, rather than merely redacting privileged information, and failed to provide a privilege log:

10

> When asserting a claim of privilege in this District it is incumbent upon the proponent to specifically and factually support his claim and to submit a privilege log. General or blanket claims of privilege are insufficient to justify protection on the basis of privilege.

*Atl. Healthcare, LLC v. Argonaut Ins. Co.*, No. 19-14420-CV, 2021 WL 2333112, at *2 (S.D. Fla. June 7, 2021)(quoting *Lincoln Nat'l Life Ins. Co. v. Biviano*, No. 09-82447-CIV, 2011 WL 13108073, at *4 (S.D. Fla. Apr. 13, 2011)). When a party objects to a request for production, the "objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). "When a party withholds information otherwise discoverable by claiming that the information is privileged . . . , the party must . . . describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5).

Local Rule 26.1 requires that a party that objects to a request for production by claiming privilege must identify the nature of the privilege asserted, state whether privilege is being asserted in connection with a claim or defense under state law, and provide in the objection the following information about any withheld documents or electronically stored information:

> (1) the type of document (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word, MS Excel); (2) general subject matter of the document or electronically stored information; (3) the date of the document or electronically stored information; and (4) such other information as is sufficient to identify the document or electronically stored information for a subpoena duces tecum, including, where appropriate, the author, addressee, and any other recipient of the document or electronically stored

11

information, and, where not apparent, the relationship of the author, addressee, and any other recipient to each other;

S.D. Fla. L.R. 26.1(e)(2)(B).

Here, Progressive's failure to provide responsive records or a privilege log that complies with Local Rule 26.1(e)(2) was improper. *See Atl. Healthcare,* 2021 WL 2333112, at *2. This Court should order Progressive to provide responsive records, with any purportedly privileged portions redacted, and a compliant privilege log.

### IV. Withholding attorneys' fee discovery compounds the prejudice of Progressive's failure to comply with Rule 7.3.

The discovery sought by Plaintiffs would restore the balance between the parties that Rule 26 and Local Rule 7.3 were designed to achieve. While Plaintiffs served on Progressive a draft motion for attorneys' fees and supporting records, as required by Local Rule 7.3(b), Progressive failed to confer with Plaintiffs until the day before the motion was due and provided no written objections during the mandatory good faith conferral period. *See* S.D. Fla. L.R. 7.3(b). When Progressive responded to Plaintiffs' motion, it objected to the hourly rates for Plaintiffs' attorneys and paralegal, but failed to "submit an affidavit giving its firm's hourly rates for the matter and include any contingency, partial contingency, or other arrangements that could change the effective hourly rate." S.D. Fla. L.R. 7.3(a).

Progressive has objected that, were the Court to grant a new trial, Plaintiffs might use defense counsel's billing records as a "roadmap" to Progressive's trial preparation strategy. Yet Plaintiffs have already provided Progressive their billing records "roadmap." Even if billing records might reveal a law firm's trial preparation,

Progressive's disclosure of its billing records would merely level the playing field. Ordering Progressive to provide the documents sought by Plaintiffs in their attorneys' fee RFPs would also partially redress Progressive's failure to provide timely written objections or supporting affidavit. *See Atl. Healthcare*, 2021 WL 2333112, at *2 ("[T]he time to provide the re-quested information in the form of an affidavit has passed.").

WHEREFORE, Plaintiffs, Bryan G. Wood and Kaylee M. Wood, respectfully request this Court to enter an order overruling Defendant's objections and compelling Defendant to respond to Plaintiffs' Attorneys' Fee Request for Production within ten days.

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues. Undersigned counsel conferred with Defendant's counsel by telephone and email, as described above on March 28, April 1, and April 3, as detailed above on page 4.

/s/ *Jesse W. Isom*
Jesse W. Isom, Esq.
Florida Bar No. 95855

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 10, 2024, I served the foregoing motion on counsel for Defendant: Adam Duke, Esq., Richard W. Weldy, Esq. and Max Tsoy, Esq., YOUNG, BILL, BOLES, PALMER, DUKE & THOMPSON, P.A., 2 South Biscayne Boulevard, Suite 3195, Miami, FL 33131; bryoung@flalawyer.net; aduke@flalawyer.net and mtsoy@flalawyer.net.

LIGGIO LAW, P.A.
1615 Forum Place, Ste. 3B
West Palm Beach, FL 33401
Telephone: 561-616-3333
Email: emailservice@liggiolaw.com
jliggio@liggiolaw.com
jwisom@liggiolaw.com

*/s/ Jesse W. Isom*
Jeffrey M. Liggio, Esq.
Florida Bar No. 357741
Jesse W. Isom, Esq.
Florida Bar No. 98588