IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 2:21-cv-14172-MARTINEZ/MAYNARD

BRYAN G. WOOD, and KAYLEE M. WOOD,

    Plaintiffs,

vs.

PROGRESSIVE SELECT INS. CO.,

    Defendant.
_____/

## PLAINTIFFS' VERIFIED RENEWED MOTION FOR ATTORNEYS' FEES AND ADDITIONAL COSTS

Plaintiffs, BRYAN G. WOOD and KAYLEE M. WOOD, through undersigned counsel and under Federal Rule of Civil Procedure 54(d), Southern District Local Rule 7.3(a), and sections 624.155(4) and 627.428(1), Florida Statutes (2015), hereby file this Verified Renewed Motion for Attorneys' Fees and Additional Costs, and in support state:

### PRELIMINARY STATEMENT

This is a third-party insurance bad faith action brought against Progressive after its mishandling of a bodily injury claim resulted in an excess judgment against its insureds, Bryan G. Wood and Kaylee M. Wood. Plaintiffs filed suit in St. Lucie County Circuit Court before Progressive removed the action to federal court on the basis of diversity jurisdiction. [D.E. 1].

This case first went to trial in May 2023 in Fort Pierce over five days. The jury was unable to reach a verdict. [D.E. 145]. In November 2023, the case was retried in Miami over four days. On November 16, 2023, the jury rendered a verdict for Plaintiffs and against Progressive. [D.E. 206]. On January 3, 2024, the Court entered a final judgment for Plaintiffs in accordance with the

jury's verdict and reserved jurisdiction to tax costs against Progressive. [D.E. 213].

Bryan G. Wood and Kaylee M. Wood, as the prevailing party in this lawsuit, are entitled, under sections 624.155(4) and 627.428(1), Florida Statutes (2015) to recover an award of $1,139,173.40 (after applying a contingency risk multiplier of 2.0) in attorneys' fees and $35,585.29 of additional court costs from Progressive.

As required by Local Rule 7.3(b), Plaintiffs served a renewed draft on October 9, 2024. On October 8, 2024, counsel for Progressive did not identify any objections to specific time entries or expenses, but did state their intention to object to the attorneys' fee multiplier and hourly rates. Progressive has served no written objections on Plaintiffs, as required by Rule 7.3(b), and stated that Progressive will include any such objections in a reply to this filed motion.

Plaintiffs have conferred with counsel for Defendant, who agrees that Plaintiffs are entitled to taxable costs taxable under 28 U.S.C. § 1920, but does not agree to Plaintiffs' recovery of any further particular costs as sought in Plaintiffs' Bill of Costs.

## MEMORANDUM OF LAW

### I. The Woods are entitled to an Award of Attorneys' Fees.

In a diversity case such as this, federal courts follow substantive state law in determining attorney's fees arising from a state statute. *All Underwriters v. Weisberg*, 222 F.3d 1309, 1312 (11th Cir. 2000). As Progressive concedes, the Woods are entitled to an award of reasonable attorney's fees under section 627.428, Florida Statutes (2015). Section 627.428 provides that –

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

§ 627.428(1), Fla. Stat. (2015). Furthermore, Florida's bad faith statute, section 624.155,

establishes a civil remedy against an insurer who fails to settle a claim in good faith. § 624.155(4), Fla. Stat. (2015) ("Upon adverse adjudication at trial or upon appeal, the authorized insurer shall be liable for damages, together with court costs and reasonable attorney's fees incurred by the Florida."); *Milling v. Travelers Home & Marine Ins. Co.*, 311 So. 3d 289, 291 (Fla. 2d DCA 2020); *see also Goeseke v. Arch Specialty Ins. Co.*, No. 20-CV-24878-DLG, 2021 WL 2462332, at *4 (S.D. Fla. Feb. 10, 2021) ("Should Plaintiffs prevail on their claims for bad faith, Florida Statute 624.155(4) permits them to recover attorneys' fees."). There is no dispute that the Woods prevailed in this case because the jury found that Progressive handled the insurance claim in bad faith, [D.E. 206], and this Court has entered final judgment in their favor, [D.E. 213]. Accordingly, the Woods have demonstrated that they are entitled to an award of prevailing party attorneys' fees under sections 624.155(4) and 627.428(1).

Florida uses the lodestar approach to attorney's fee awards. *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985); *Wales-Walden v. Ak "N" Eli*, LLC, No. 17-20658-CIV, 2018 WL 6812692, at *1 (S.D. Fla. Oct. 12, 2018). To establish a lodestar amount, a court must ascertain the number of hours an attorney reasonably expended on the litigation and then multiply that figure by a reasonable hourly rate. *TIG Ins. Co. v. United Nat'l Ins. Co.*, No. 05-60672-CIV, 2007 WL 9698303, at *3 (S.D. Fla. Feb. 26, 2007) (citing *Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988)). This Court determines the reasonable hourly rate for attorneys' fees by evaluating the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable experience, skill, and reputation. *Capital One N.A. v. Miami Motor Sports, LLC,* Case No. 18-61942-CIV, 2019 WL 2106106, at *1 (S.D. Fla. Apr. 4, 2019) (quoting *Norman v. Hous. Auth. of Montgomery*, 836 F.3d 1292, 1299 (11th Cir. 1988)).

The Woods' retainer agreement with undersigned counsel includes an alternative recovery clause:

> If a verdict is obtained in favor of the undersigned clients, the firm shall petition the court for an award of attorney's fees based upon its normal hourly rates with the understanding that the court will apply the appropriate multiplier to the firm's hourly rates . . . .

This language preserves the Woods' right to recover court-awarded fees. *See First Baptist Church of Cape Coral, Fla., Inc. v. Compass Const., Inc.,* 115 So. 3d 978, 983–84 (Fla. 2013); *Kaufman v. MacDonald*, 557 So. 2d 572, 573 (Fla. 1990).

## II.    A lodestar amount of $569,586.70 is reasonable.

The Woods have the burden of submitting a request and supporting documentation to enable this Court to determine the amount of time reasonably expended. *Watts v. Club Madonna, Inc.,* No. 17-24666-CIV, 2019 WL 12278751, at *2 (S.D. Fla. Nov. 6, 2019) (citing *Loranger v. Stierheim*, 10 F.3d 776, 782 (11th Cir. 1994)); S.D. L.R. 7.3(a). The Woods provide each timekeeper's (1) experience and qualifications, (2) the timekeeper's hourly rate, (3) a description of tasks the timekeeper performed in this case, (4) the reasonable hours expended on the performance of those tasks, and (4) the amount of fees sought for that work.

### A.  JEFFREY M. LIGGIO, ESQUIRE

(1)    Experience and qualifications: Jeffrey M. Liggio has been a member in good standing with the Florida Bar since 1982 and is eligible to practice in the Middle District of Florida, the Southern District of Florida, and the U.S. Court of Appeals for the Eleventh Circuit. Mr. Liggio has been certified as a Board-Certified Civil Trial Lawyer by the Florida Bar Board of Legal Specialization and Education and certified as a Civil Trial Advocacy Specialist by the National Board of Trial Advocacy. Mr. Liggio is a Past President of the Florida Justice Association. Liggio Law firm is recognized for its experience in all aspects of complex civil litigation, including insurance

4

disputes, bad faith litigation, and class actions. The firm has handled numerous complex insurance issues, including common law and statutory bad faith issues, as well as class action cases, in both State and Federal Courts throughout the State of Florida. The breadth of Mr. Liggio's experience in both Florida State and Federal Courts is reflected by the attached Westlaw search, attached as Exhibit A.

(2) Hourly rate: $900

(3) Tasks performed: Mr. Liggio served as lead trial counsel throughout this matter and had prior responsibility for the vast discovery and multiple depositions. Mr. Liggio attended and/or took the depositions of Roger Messer, Yassel Amiama, Vivian Knapp, Sheri Hopkins, John Richards, Robert Buckner, as well as Defendant's expert, Kevin Quinley. Mr. Liggio was responsible for retaining and preparing expert witnesses who testified on behalf of the Woods at both the trial held in Ft. Pierce and the trial held in Miami, and for deposing the expert witness retained by Progressive. Mr. Liggio attended the first trial, from May 22 – May 25, 2023, with Jason Cornell, Esq., in Fort Pierce, Florida. Since the jury was unable to reach a verdict, he tried the case for the second time with Jesse W. Isom, Esq., in Miami from November 13 – November 17, 2023. Mr. Liggio has remained involved in every aspect of the post-trial proceedings through the entry of the recent final judgment for the Woods.

(4) Reasonable hours expended: 248 hours 54 minutes. *See* Jeffrey M. Liggio Time Records attached as Exhibit AB at 2-3.

(5) Fee amount: $218,915.03 (based on current hourly rate of $900)

**B. JASON CORNELL, ESQUIRE**

(1) Experience and qualifications: Jason Cornell was admitted to the Delaware Bar in 1999 and the Florida Bar in 2010. Mr. Cornell is a former equity partner with Fox Rothschild,

LLP, a 950-attorney commercial litigation law firm with 27 offices throughout the United States. Mr. Cornell is a board member of the Palm Beach County Justice Association. Prior to joining the Liggio Law firm, Mr. Cornell was employed at the Clark Fountain firm. In May of 2018, Mr. Cornell was one of two lead plaintiff attorneys in the trial of *Letterman v. National Truck, et al.*, wherein the jury awarded a $15 million verdict stemming from an automotive defect.

(2) Hourly rate: $550

(3) Tasks performed: Mr. Cornell assisted with this case between August 2020 and the May 2023 trial in Fort Pierce. He performed legal research on several issues and drafted pleadings, including remand motions, responses motions to dismiss, discovery motions and motions to continue and/or amend trial deadlines. Mr. Cornell attended the depositions of Bryan Wood, Kaylee Wood and Plaintiffs' expert, Dan Doucette. Mr. Cornell also participated in the mediation of this case in March 2022. He also did extensive trial preparation, and attended and examined several witnesses at the May 2023 trial held in Fort Pierce, Florida.

(4) Reasonable hours expended: 485 hours 38 minutes. *See* L. Jason Cornell Time Records attached as Exhibit B at 4-8.

(5) Fee amount: $267,031.66

**C. JESSE W. ISOM, ESQUIRE**

(1) Experience and qualifications: Jesse W. Isom has been a member in good standing with the Florida Bar since 2012. Mr. Isom is a member of the bars for the Middle District of Florida, Northern District of Florida, and Southern District of Florida, and has appeared pro hac vice in federal courts in Kentucky, Maryland, New Hampshire, Washington, and Wyoming. Prior to joining the Liggio Law firm, Mr. Isom served as an assistant public defender for more than eight years, including three years in the appellate division. He has litigated section 1983 lawsuits in

6

federal courts in Florida and nationwide while working for two years for a nonprofit organization. He has tried over thirty cases by jury.

(2)  Hourly rate: $350

(3)  Tasks performed: Mr. Isom was involved in preparing the case for the trial held in Miami in November 2023. At trial, he conducted the direct examination of Bryan Wood, Jamie Wood, Kaylee Wood, and Plaintiffs' expert, Dan Doucette, and assisted with case strategy and preparing the cross-examinations of Defendant's witnesses.

(4)  Reasonable hours expended: 109 hours 40 minutes. *See* Jesse W. Isom Time Records attached as Exhibit B at 9.

(5)  Fee amount: $38,383.34

**D.  KATHY G. HARMON, Florida Registered Paralegal**

(1)  Experience and qualifications: Kathy Harmon has worked in the legal industry since May 1978 and obtained her degree in Paralegal Studies in 1983 from Palm Beach State College. Mrs. Harmon joined the Liggio Law firm in September 1997. She is a paralegal member of the Palm Beach County Justice Association and The Florida Justice Association. Mrs. Harmon fulfilled all requirements to become a Florida Registered Paralegal in March 2008. Mrs. Harmon has extensive experience and involvement in all aspects of insurance litigation, including personal injury, wrongful death, and bad faith claims.

(2)  Hourly rate: $225

(3)  Tasks performed: Mrs. Harmon was involved from the inception of the case throughout both trials. Mrs. Harmon's tasks involved communicating with the clients throughout the duration of the case, reviewing and drafting various documents for production requests, drafting of witness and exhibit lists, locating witnesses, preparing exhibit folders and trial notebooks

for the attorneys and the Clerk. Mrs. Harmon also assisted the attorneys in all aspects of trial preparation and attended both trials.

(4) <u>Reasonable hours expended</u>: 127 hours 44 minutes. *See* Kathy Harmon Time Records attached as Exhibit B at 10.

(5) <u>Fee amount</u>: $28,740

### III. The substantial litigation risks and complexity of the case warrant adjusting the lodestar with a multiplier of 2.0.

After determining the lodestar amount, this Court must determine whether a contingency risk multiplier is appropriate. *Crossman v. USAA Cas. Ins. Co.*, No. 6:18-CV-1301, 2020 WL 1172048, at *4 (M.D. Fla. Feb. 7, 2020). In contrast to the federal approach, a prevailing party does not have a burden of showing that a case involves "rare and exceptional circumstances" in order to overcome a presumption that the lodestar amount is reasonable. *See Bell v. U.S.B. Acquisition Co.*, 734 So. 2d 403, 407-08 (Fla. 1999) (citing *Standard Guaranty Ins. Co. v. Quanstrom*, 555 So. 2d 828, 830-32 (Fla. 1990)); *see also Joyce v. Federated Nat'l Ins. Co.*, 228 So. 3d 1122, 1123 (Fla. 2017). This Court should consider (1) whether the relevant market requires a contingency fee to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any of the factors set forth in *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145, 1550 (Fla. 1985), apply. *Joyce*, 228 So. 3d at 1124.

The Woods, faced with a substantial judgment in the underlying case, would have been unable to fund this litigation on a non-contingency basis. The risks at the outset of the case were substantial, as it was only through Plaintiffs' counsels' efforts in discovery and extensive litigation to get access to in-house counsel's litigation file, that revealed the full scope of Progressive's liability in this case. The complexity of the case is illustrated by the number of attorney hours reasonably expending in this litigation, which involved litigation over removal to federal court,

8

Progressive's motion for summary judgment, extensive litigation to gain access to Plaintiffs' file held by Progressive's in-house counsel in the underlying litigation, and two jury trials. In recognition of the substantial risks of undertaking this case on a contingency basis, the Woods ask this Court to apply a multiplier of 2.0, resulting in a total fee award of $1,139,173.40.

### IV. The Woods are entitled to an award of $35, 585.29 in court costs in addition to those taxable under 28 U.S.C. § 1920.

In addition to the costs taxable against Progressive Rule 54(d) and 28 U.S.C. § 1920 and claimed in Plaintiffs' Motion for Bill of Costs, the Woods are entitled to recover reasonable costs under sections 57.041 and 624.155(4), Florida Statutes (2015). *See* §§ 57.041, 624.155(4), Fla. Stat. (2015); *see also Apostolic Pentecostal Church of Panama City, Inc. v. Scottsdale Ins. Co.*, No. 5:21CV32-MW/MJF, 2021 WL 4144775, at *8 (N.D. Fla. Apr. 9, 2021). Plaintiffs incurred the following reasonable and necessary costs (*See,* Ex. B):

   a. Expert witness fees paid to Daniel Doucette: $33,747.50
   b. Mediation fees paid to Mr. Fraxedas: $1,250.00
   c. Plaintiffs' hotel accommodations for trial paid to Doubletree Hilton Hotel: $587.70
   d. Attorney transportation to trial in Miami: $1,704.84

*See* Invoices attached as Exhibit C; Fla. R. Civ. P. app II (Statewide Uniform Guidelines for Taxation of Costs in Civil Actions); *see also Palavicini v. Wal-Mart Stores E., LP*, No. 18-20708-CIV, 2019 WL 3769266, at *4 (S.D. Fla. Jan. 31, 2019) (citing Statewide Uniform Guidelines for Taxation of Costs in Civil Action when exercising discretion to tax mediation fees).

WHEREFORE, Plaintiffs, BRYAN G. WOOD and KAYLEE M. WOOD, respectfully requests this Honorable Court grant their attorneys' fees of $1,139,173.40 and additional costs of $35,585.29 against the Defendant, PROGRESSIVE SELECT INSURANCE COMPANY.

## VERIFICATION

I, Brian Wood, declare under penalty of perjury under the laws of the United States of America and pursuant to 28 U.S.C. § 1746, that I have reviewed and verified that facts set forth in Plaintiffs' Verified Motion for Attorneys' Fees and Additional Costs are true and correct to the best of my knowledge, information and belief.

_____
BRIAN WOOD

I, Kaylee Wood, declare under penalty of perjury under the laws of the United States of America and pursuant to 28 U.S.C. § 1746, that I have reviewed and verified that facts set forth in Plaintiffs' Verified Motion for Attorneys' Fees and Additional Costs are true and correct to the best of my knowledge, information and belief.

_____
KAYLEE WOOD

**CERTIFICATE OF CONFERRAL**

Pursuant to Local Rules 7.1(a)(3) and 7.3(b), the movant hereby certifies that counsel for Plaintiffs have conferred with counsel for Progressive via telephone on December 20, 2023, January 16, 2024, February 29, 2024, and October 9, 2024 in a good faith effort to resolve the issues raised by this motion. Counsel for Plaintiffs served a draft of this Motion on Progressive on February 2, 2024, an amended draft motion on February 7, 2024 and a renewed draft motion on October 9, 2024. Counsel for Progressive served no written objections, despite Plaintiffs' counsel's reminder that Local Rule 7.3(b) obligated Progressive to do so.

Respectfully submitted,

/s/ *Jeffrey M. Liggio*
Jeffrey M. Liggio, Esq.
Florida Bar No. 357741

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 9, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice to: Adam Duke, Esq., Richard W. Weldy, Esq. and Max Tsoy, Esq., YOUNG, BILL, BOLES, PALMER, DUKE & THOMPSON, P.A., 2 South Biscayne Boulevard, Suite 3195, Miami, FL 33131; bryoung@flalawyer.net; aduke@flalawyer.net and mtsoy@flalawyer.net.

LIGGIO LAW, P.A.
1615 Forum Place, Ste. 3B
West Palm Beach, FL 33401
Telephone: 561-616-3333
Email: emailservice@liggiolaw.com
jliggio@liggiolaw.com

*/s/ Jeffrey M. Liggio*
Jeffrey M. Liggio, Esq.
Florida Bar No. 357741