IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 2:21-cv-14172-MARTINEZ/MAYNARD

BRYAN G. WOOD, and KAYLEE M. WOOD,

    Plaintiffs,

v.

PROGRESSIVE SELECT INS. CO.,

    Defendant.
_____/

## PLAINTIFFS' VERIFIED MOTION FOR APPELLATE ATTORNEY'S FEES

Plaintiffs Bryan G. Wood and Kaylee M. Wood, under Federal Rule of Civil Procedure 54(d), Southern District Local Rule 7.3(a), and Florida Statutes §§ 624.155(4) and 627.428(1) (2015), move for an award of appellate attorney's fees against Defendant Progressive.

### I.    INTRODUCTION

This is a third-party insurance bad-faith action brought against Progressive after its mishandling of a bodily injury claim resulted in an excess judgment against its insureds, Plaintiffs.

After a retrial, the jury rendered a verdict for Plaintiffs and against Progressive. S.D. Fla. DE 206. The Court entered a final judgment for Plaintiffs in accordance with the jury's verdict and reserved jurisdiction to tax costs against Progressive. S.D. Fla. DE 213. The Court denied Progressive's post-trial motions. DE 229. Progressive appealed to the Eleventh Circuit. S.D. Fla. DE 231.

The Eleventh Circuit entered its opinion affirming the Court's final judgment and order denying Progressive's post-trial motions. 11th Cir. DE 58. The circuit court denied Progressive's petition for rehearing en banc. 11th Cir. DE 64.

After the conclusion of the appeal, the Woods filed a Motion to Transfer Consideration of Appellate Attorney's Fees to the District Court. 11th Cir. DE 60. The circuit court granted the motion and entered the appropriate order. 11th Cir. DE 65. The Woods also filed a Bill of Costs, which is still pending in the circuit court.

As the prevailing parties in this lawsuit and the appeal, Plaintiffs are entitled under Florida Statutes §§ 624.155(4) and 627.428(1) (2015) to recover an award of attorney's fees in this matter, which includes fees for their appellate lawyers.

This Court sits as an *Erie* court in this matter, and Plaintiffs seek the **sum of $41,202.50** in appellate attorney's fees.

As required by Local Rule 7.3(b), Plaintiffs has, on this date, served a draft of this motion to counsel for Progressive. Given the short timeframe for the filing of this motion, Progressive has served no written objections on Plaintiffs and has stated that it will include any such objections in a reply to this filed motion.

## II.   ARGUMENT

### A.   Applicable law.

In a diversity case, federal courts follow substantive state law in determining attorney's fees arising from a state statute. *All Underwriters v. Weisberg*, 222 F.3d 1309, 1311 (11th Cir. 2000).

The Woods are entitled to an award of reasonable attorney's fees under Florida Statutes § 627.428 (2015). Subsection 627.428(1) provides that

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or benefi-

ciary's attorney prosecuting the suit in which the recovery is had.

Additionally, Florida's bad-faith statute, § 624.155, establishes a civil remedy against an insurer who fails to settle a claim in good faith. *See* Fla. Stat. § 624.155(4) ("Upon adverse adjudication at trial or upon appeal, the authorized insurer shall be liable for damages, together with court costs and reasonable attorney's fees incurred by the Florida."); *Milling v. Travelers Home & Marine Ins. Co.*, 311 So. 3d 289, 291 (Fla. 2d DCA 2020); *see also Goeseke v. Arch Specialty Ins. Co.*, 2021 WL 2462332, at *4 (S.D. Fla. Feb. 10, 2021) ("Should Plaintiffs prevail on their claims for bad faith, Florida Statute 624.155(4) permits them to recover attorneys' fees.").

There is no dispute that the Woods prevailed in the appeal. Accordingly, the Woods have demonstrated that they are entitled to an award of prevailing party appellate attorney's fees under §§ 624.155(4) and 627.428(1).

Florida uses the lodestar approach to attorney's fee awards. *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985); *Wales-Walden v. Ak "N" Eli*, 2018 WL 6812692, at *1 (S.D. Fla. Oct. 12, 2018). To establish a lodestar amount, a court must determine the number of hours an attorney reasonably expended on the litigation and then multiply that figure by a reasonable hourly rate. *TIG Ins. Co. v. United Nat'l Ins. Co.*, 2007 WL 9698303, at *3 (S.D. Fla. Feb. 26, 2007) (citing *Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1299–1302 (11th Cir. 1988)). This Court determines the reasonable hourly rate for attorney's fees by evaluating the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable experience, skill, and reputation. *Capital One v. Miami Motor Sports*, 2019 WL 2106106, at *1 (S.D. Fla. Apr. 4, 2019) (quoting *Norman*).

### B. A lodestar of $41,202.50 is reasonable.

The Woods have the burden of submitting a request and supporting documentation. For their appellate counsel at Burlington & Rockenbach, P.A., the Woods provide each timekeeper's

3

(1) experience and qualifications, (2) the timekeeper's hourly rate, (3) a description of tasks the timekeeper performed in this case, (4) the reasonable hours expended on the performance of those tasks, and (4) the amount of fees sought for that work.

The Woods also provide the declaration of their appellate fee expert, Roy Wasson, Esq. [**Exh. 1**], and other supporting documentation as noted below. Specifically, the Woods provide Burlington & Rockenbach, P.A.'s reconstructed time records, which provide competent, substantial evidence of their time and services. *See Stokus v. Phillips*, 651 So. 2d 1244, 1245–46 (Fla. 2d DCA 1995); *Cohen & Cohen, P.A. v. Angrand*, 710 So. 2d 166, 168 (Fla. 3d DCA 1998). The Woods note that they are not seeking a multiplier for their appellate counsel.

### Adam Richardson, Esq.

(1) Experience and qualifications: See attached curriculum vitae [**Exh. 2**].

(2) Hourly rate: For Mr. Richardson, the Woods seek an hourly rate of $650, although Mr. Wasson states that a reasonable hourly rate is $675. In further support, the Woods attach an Order on Plaintiff's Motion for Attorneys' Fees & Costs in *Rodriguez v. R.J. Reynolds Tobacco*, No. 2007-045267-CA-01 (Fla. 11th Jud. Cir. Dec. 20, 2024), where the state circuit court found $600 to be a reasonable hourly rate for Mr. Richardson (see pages 6 and 8) [**Exh. 3**].

(3) Tasks performed: Mr. Richardson was the lead appellate attorney. He had primary responsibility for research and briefing.

(4) Reasonable hours expended: 55.3 hours. See attached time records for Burlington & Rockenbach, P.A. [**Exh. 4**]

(5) Fee amount: $35,945.

### Philip M. Burlington, Esq.

(1) Experience and qualifications: See attached biography [**Exh. 5**].

(2) <u>Hourly rate:</u> $950, which is supported by Mr. Wasson's declaration.

(3) <u>Tasks performed:</u> Mr. Burlington handled the case intake and reviewed and revised the draft answer brief/cross-initial brief.

(4) <u>Reasonable hours expended:</u> 3.6 hours. See attached time records for Burlington & Rockenbach, P.A.

(5) <u>Fee amount:</u> $3,420.

### Kara Tahirovic, Florida Registered Paralegal

(1) <u>Experience and qualifications:</u> Ms. Tahirovic has worked in the legal industry since 2012 and obtained her bachelor's degree in Legal Studies in 2011 from Keiser University. Ms. Tahirovic joined Burlington & Rockenbach, P.A., in 2014. Ms. Tahirovic fulfilled all requirements to become a Florida Registered Paralegal in 2015. Ms. Tahirovic has extensive experience and involvement in appellate proceedings, including the Eleventh Circuit.

(2) <u>Hourly rate:</u> $175.

(3) <u>Tasks performed:</u> Ms. Tahirovic handled administrative tasks associated with the appeal, including preparation of the appendix.

(4) <u>Reasonable hours expended:</u> 10.5 hours. See attached time records for Burlington & Rockenbach, P.A.

(5) <u>Fee amount:</u> $1,837.50.

## **VERIFICATION**

I, BRYAN WOOD, declare under penalty of perjury under the laws of the United States of America and pursuant to 28 U.S.C. §1746, that I have reviewed and verified that facts set forth in Plaintiffs' Verified Motion for Appellate Attorneys' Fees are true and correct to the best of my knowledge, information and belief.

_____
BRYAN G. WOOD

**VERIFICATION**

      I, KAYLEE M. WOOD, declare under penalty of perjury under the laws of the United States of America and pursuant to 28 U.S.C. §1746, that I have reviewed and verified that facts set forth in Plaintiff's Verified Motion for Appellate Attorney's Fees are true and correct to the best of my knowledge, information and belief.

*/s/ Kaylee Wood*
_____
KAYLEE M. WOOD

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rules 7.1(a)(3) and 7.3(b), Plaintiffs have, on this date, served a draft of this Motion to counsel for PROGRESSIVE SELECT, counsel for Progressive did not identify any objections to specific time entries or expenses, but did state their intention to object to the attorneys' fee multiplier and hourly rates. Progressive has served no written objections on Plaintiffs, as required by Rule 7.3(b), and stated that Progressive will include any such objections in a reply to this filed motion.

Plaintiffs have conferred with counsel for Defendant, who agrees that Plaintiffs are entitled to taxable costs taxable under 28 U.S.C. § 1920, but does not agree to Plaintiffs' recovery of any further particular costs as sought in Plaintiffs' Bill of Costs.

Respectfully submitted,

/s/ *Jeffrey M. Liggio*
Jeffrey M. Liggio, Esq.
Florida Bar No. 357741

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 2, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice to: Adam Duke, Esq., Richard W. Weldy, Esq. and Max Tsoy, Esq., YOUNG, BILL, BOLES, PALMER, DUKE & THOMPSON, P.A., 2 South Biscayne Boulevard, Suite 3195, Miami, FL 33131; bryoung@flalawyer.net; aduke@flalawyer.net and mtsoy@flalawyer.net.

LIGGIO LAW, P.A.
720 Lucerne Avenue #1290
Lake Worth Beach, FL 33460
Telephone: 561-616-3333
Email: emailservice@liggiolaw.com
jliggio@liggiolaw.com

/s/ *Jeffrey M. Liggio*
Jeffrey M. Liggio, Esq.
Florida Bar No. 357741