IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

BRYAN G. WOOD, and
KAYLEE M. WOOD,

    Plaintiffs,

vs.                                              Case No. 2:21-cv-14172-JEM

PROGRESSIVE SELECT INS. CO.,

    Defendant.
_____/

## PROGRESSIVE'S RESPONSE TO PLAINTIFFS' MOTION FOR APPELLATE ATTORNEY'S FEES

Defendant, PROGRESSIVE SELECT INSURANCE COMPANY ("Progressive"), by and through its undersigned counsel, hereby files its Response to Plaintiffs' Motion for Appellate Attorney's Fees [DE 268]. In support thereof, Progressive states as follows:

    1.    The present action is a common law bad faith action brought by Plaintiffs, BRYAN G. WOOD and KAYLEE M. WOOD ("Plaintiffs"), in relation to Progressive's handling of a bodily injury claim brought by Robert Buckner arising from an October 21, 2015 motor vehicle accident.

    2.    This matter was previously tried before a jury during the trial period commencing on November 13, 2023. [*See* DE 181].

    3.    Following the jury trial of this matter, the jury returned a verdict in favor of Plaintiffs. [*See* DE 206].

    4.    On January 3, 2024, pursuant to the aforementioned jury verdict, the Court entered a Final Judgment in favor of Plaintiffs. [*See* DE 212].

5. On January 31, 2024, Progressive filed a Motion for Judgment Notwithstanding the Verdict and Alternative Motion for New Trial pursuant to Rules 50 and 59 of the Federal Rules of Civil Procedure. [*See* DE 216].

6. On September 27, 2024, the Court denied the Motion for Judgment Notwithstanding the Verdict and Alternative Motion for New Trial. [DE 229].

7. On October 23, 2024, Progressive appealed the September 27, 2024 Order. [DE 231].

8. The appellate action has been resolved in favor of Plaintiffs. [DE 270].

9. On February 2, 2026, Plaintiffs filed their Motion for Appellate Attorney's Fees ("Motion"). [*See* DE 268].

10. As discussed in the incorporated memorandum of law below, the requested hourly rates claimed by Plaintiffs' appellate counsel are excessive and unreasonable. Plaintiffs have not presented any case law, and Progressive has been unable to find one, supporting the hourly rates requested by Plaintiffs' appellate counsel. The only fee award that Plaintiffs have provided in support of the claimed hourly rates supports the hourly rate of $600 an hour. [*See* DE 268-3].

11. Importantly, the $600 hourly rate that Plaintiffs rely on [DE 268-3] was awarded in a significantly more complex **tobacco litigation case**.

12. It is Progressive's position that the Court should generously award Plaintiffs' senior appellate counsel the $600/hour rate, which was awarded to Plaintiffs' counsel in a significantly more complex tobacco litigation case, and award $400/hour rate to the less experienced appellate attorney.

13. Progressive respectfully requests that the Court award Plaintiffs' appellate counsel the following hourly rates:

| Attorney/paralegal | Hourly rate |
|---|---|
| Adam Richardson | $400 |
| Philip Burlington | $600 |
| Kara Tahirovic (paralegal) | $125 |

14. Further, pursuant to this Court's expertise and discretion, any hours billed or tasks deemed unreasonable or not recoverable should likewise be reduced accordingly. *See Laney v. BBB Logistics, Inc.*, 844 F. App'x 203, 210 (11th Cir. 2021) ("It is long settled in this circuit that when a court is determining the reasonableness of attorneys' fees, the court, as a matter of law, is itself an 'expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses.'") (citing *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)).

15. Based on the foregoing, Progressive respectfully requests that the Court deny Plaintiffs' request for attorney's fees and costs, consistent with the arguments set forth herein, and grant such further relief as the Court deems just and proper.

**WHEREFORE**, PROGRESSIVE SELECT INSURANCE COMPANY respectfully requests that the Court deny Plaintiffs' request for appellate attorney's fees, consistent with the arguments set forth herein, and grant such further relief as the Court deems just and proper.

## MEMORANDUM OF LAW

### I. Standard of review.

"A reasonable attorney's fee award is 'properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Davis v. Nationwide Ins. Co. of Am.*, No. 19-CV-80606, 2022 WL 2341238, at *1 (S.D. Fla. Jan. 28, 2022) (citing *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999)). "The product of these two figures is the lodestar …." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). "In

3

determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in [*Johnson*]." *Bivins*, 548 F.3d at 1350 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974)). The 12 factors are as follows:

> (1) the time and labor required;
> (2) the novelty and difficulty of the questions;
> (3) the skill requisite to perform the legal service properly;
> (4) the preclusion of employment by the attorney due to acceptance of the case;
> (5) the customary fee;
> (6) whether the fee is fixed or contingent;
> (7) time limitations imposed by the client or the circumstances;
> (8) the amount involved and the results obtained;
> (9) the experience, reputation, and ability of the attorneys;
> (10) the "undesirability" of the case;
> (11) the nature and length of the professional relationship with the client;
> and (12) awards in similar cases.

*Bivins*, 548 F.3d at 1350, n.2.

## II. The hourly rates requested by Plaintiffs' appellate attorneys are excessive and unreasonable.

A reasonable hourly rate is the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1399 (11th Cir. 1988). "Acceptable proof of the market rate may be comprised of testimony and direct evidence from other legal practitioners in the relevant legal community who are familiar with the type of legal service provided and the prevailing market rate for such work." *Freeman v. Rice*, 2012 WL 12947682, at *3 (S.D. Fla. Feb. 7, 2012) (citing *Norman*, 836 F.2d at 1299). The party seeking fees must provide more than an affidavit of the attorney performing the work to meet their burden. *Norman*, 836 F.2d at 1299.

In support of their claim for appellate attorney's fees in this matter, Plaintiffs have submitted the billing records of Plaintiffs' appellate counsel [DE 268-4], curriculum vitae of the

4

attorneys claiming fees in this matter, Adam Richardson and Phillip Burlington [DE 268-2; DE 268-5], a declaration by attorney Roy Wasson [DE 268-1], and an order awarding attorney Adam Richardson $600/hour in a **tobacco litigation case** [DE 268-3].

As stated in his declaration, Mr. Wasson opines, in a conclusory fashion and without citing any court orders or cases, that the hourly rates claimed by the attorneys in this matter are purportedly reasonable. However, the evidence before the Court does not support an award of the requested hourly rates in the instant insurance bad faith case.

The following hourly rates claimed by Plaintiffs' appellate attorneys are excessive and unreasonable:

    1. Adam Richardson, Esq.    $650/hour

    2. Philip Burlington, Esq.    $950/hour

    3. Kara Tahirovic (paralegal)    $175/hour

The only competent evidence submitted to the Court in support of the above-listed hourly rates is the court order entered in the case styled *Rodriguez v. R J Reynolds Tobacco Co.* awarding the $600/hour rate to Mr. Richardson. [*See* DE 268-3]. However, that rate was awarded in a significantly more complex **tobacco litigation case**. The fact that the $600/hour rate was awarded in a tobacco litigation case is significant because it directly affects the Court's analysis of the *Johnson* factors. Stated differently, if the $600/hour rate was awarded in a tobacco litigation case, the hourly rates in the instant insurance bad faith case should be significantly lower pursuant to the *Johnson* factors, i.e., the time and labor required, the novelty and difficulty of the questions, the skill requisite to perform the legal service properly, etc. *See Bivins*, 548 F.3d at 1350, n. 2; *Johnson*, 488 F.2d at 714.

Unlike the case wherein the court awarded Plaintiffs' counsel the $600/hour rate [DE 268-3], the instant matter involved a simple, straightforward insurance bad faith case. This case did not involve any complex or novel issues requiring counsel of a specialized legal background or knowledge. Nor do Plaintiffs direct this Court to examples of bad faith cases where an award of a multiplier was warranted. This case is a third-party bad faith action against Progressive arising out of the October 21, 2015 motor vehicle accident, wherein Kaylee Wood's vehicle collided with a vehicle operated by Robert Buckner. Following the accident, Mr. Buckner presented a claim against the policy of insurance issued to Kaylee Wood's parents. However, Mr. Buckner's claim did not settle, which prompted Mr. Buckner to file a negligence lawsuit against the Woods in relation to the subject accident. Mr. Buckner ultimately obtained a judgment against the Woods in the underlying negligence action, and the Woods filed the instant action against Progressive alleging that Progressive handled the subject insurance claim in bad faith. Progressive respectfully submits that the Court should generously award Plaintiffs' appellate counsel the $600/hour rate, which was awarded to Plaintiffs' counsel in a significantly more complex case.

Progressive respectfully submits that the evidence submitted to the Court in support of Plaintiffs' Motion for Appellate Attorney's Fees supports an award of $600/hour to Plaintiffs' senior appellate counsel, Philip Burlington, and an award of $400/hour to attorney Adam Richardson. Accordingly, Progressive respectfully requests that the Court award the following hourly rates to Plaintiffs' attorneys:

| Attorney/paralegal | Hourly rate |
|---|---|
| Adam Richardson | $400 |
| Philip Burlington | $600 |
| Kara Tahirovic (paralegal) | $125 |

Furthermore, Progressive respectfully requests that the Court reduce any hours billed or tasks deemed unreasonable or not recoverable based on the Court's knowledge and experience. *See Laney v. BBB Logistics, Inc.*, 844 F. App'x 203, 210 (11th Cir. 2021) ("It is long settled in this circuit that when a court is determining the reasonableness of attorneys' fees, the court, as a matter of law, is itself an 'expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses.'") (citing *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of February 2026, the foregoing document was filed and served this day on all counsel of record identified on the attached Service List in the manner specified.

s/ MAX TSOY
**ADAM A. DUKE**
Florida Bar No.: 0055734
aduke@flalawyer.net
**RICHARD A. WELDY**
Florida Bar No.: 0111811
rweldy@flalawyer.net
**MAX TSOY**
Florida Bar No.: 111796
mtsoy@flalawyer.net
Young, Bill, Boles, Palmer,
Duke & Thompson, P.A.
2 South Biscayne Boulevard
Suite 3195
Miami, Florida 33131
Telephone: (305) 222-7720
Facsimile: (305) 492-7729
*Attorneys for Progressive*

7

**SERVICE LIST**
**BRYAN G. WOOD and KAYLEE M. WOOD v. PROGRESSIVE SELECT INS. CO.**
**Case No. 2:21-cv-14172-JEM**

**JEFFREY M. LIGGIO, ESQ.**
LIGGIO LAW
1615 Forum Place
Suite 3B
West Palm Beach, FL 33401
jliggio@liggiolaw.com
ncuevas@liggiolaw.com

*Via Electronic Mail and/or Regular U.S. Mail*
*Attorneys for Plaintiff*