**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-14172-CIV-MARTINEZ/Maynard**

BRYAN WOOD and KAYLEE WOOD,

Plaintiffs,

v.

PROGRESSIVE SELECT INSURANCE CO.,

Defendant.

_______________________________________/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the Court on the Report and Recommendation of the Honorable Shaniek M. Maynard, United States Magistrate Judge, on Plaintiffs' Second Verified Renewed Motion for Attorney's Fees and Additional Costs [ECF No. 266] ("R&R"). Judge Maynard recommends that Plaintiffs' Motion should be granted in part and denied in part. Plaintiffs filed a Limited Objection [ECF No. 284] ("Objections") to the R&R based solely on the omission of any recommendation for pre-judgment interest on the attorney's fees to be awarded. Defendant filed a Notice of Non-Objection [ECF No. 283] and a Response in Opposition to Plaintiffs' Objection [ECF No. 286] ("Response"). The Court has reviewed the entire file and record, including Plaintiffs' Motion, Judge Maynard's R&R, Plaintiffs' Objections, and Defendant's Response.

The Court has a duty to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). The Court also may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Having conducted a *de novo* review of the entire record and relevant law, the Court has reached an independent conclusion that the R&R should be adopted and approved. The Court agrees with each of Judge Maynard's recommendations.

In Plaintiffs' Objections, Plaintiffs note that this Court's Final Judgment [ECF No. 213] established Plaintiffs' entitlement to "prejudgment interest (calculated at the statutory rate pursuant to § 55.03, Fla. Stat., from December 4, 2019, through November 17, 2023)" and post-judgment interest, to "accrue pursuant to 28 U.S.C. § 1961." (Final Judgment ¶ 2). Plaintiffs have computed the appropriate pre-judgment interest totals utilizing Judge Maynard's recommended reduced hourly rates. (*See* Objections ¶ 4). Defendant does not specifically object to Plaintiffs' computation or the merits of Plaintiffs' request based on the Final Judgment. (*See generally* Response). Nor has Defendant argued that the Court's award of pre-judgment interest in the Final Judgment was improper. (*See generally id.*). Rather, Defendant urges that the Court should overrule Plaintiffs' Objection merely because Plaintiffs did not expressly seek pre-judgment interest in their Motion.

The Court's Final Judgment, entered on January 3, 2024, already addresses Plaintiffs' entitlement to pre-judgment interest, to be calculated at the statutory rate. (*See* Final Judgment). The Court sees no reason to readdress the issue and no reason why Plaintiffs needed to re-raise in their Motion. Because pre-judgment interest was already included within the Court's prior award, it is not properly raised or decided here; the sole issue is Plaintiffs' entitlement to attorneys' fees.

After careful consideration, it is hereby **ADJUDGED** that Plaintiffs' Objections [ECF No. 284] are **OVERRULED**. Judge Maynard's R&R [ECF No. 266] is **AFFIRMED** and **ADOPTED** in its entirety, as follows: Plaintiffs' Motion [ECF No. 266] is **GRANTED in part and DENIED in part**. Plaintiffs are awarded **$488,810.50** in attorneys' fees. The request for additional costs is denied.

**DONE AND ORDERED** in Miami, Florida, this 21 day of September 2026.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc: All counsel of record
Magistrate Judge Maynard